UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PETER J. LONG,

      Plaintiff,

v.

ROMAN KAPLAN, M.D.,

      Defendant.

Case No. 14-cv-1218-pp

---

**ORDER SETTING FINAL BRIEFING SCHEDULE FOR SUMMARY JUDGMENT MOTIONS**

---

    This is an order setting a final summary judgment briefing schedule. It is necessary for the court to provide some of the procedural history of this case to set the context for this order.

    Plaintiff Peter Long is representing himself in this civil rights suit, alleging that the defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, and that the defendant was negligent and committed malpractice under Wisconsin law. See Dkt. No. 3 at 2 (screening order). On January 8, 2015, the plaintiff filed a motion for summary judgment. Dkt. No. 11. The defendant filed an opposition brief, dkt. no. 18, and the plaintiff filed his reply, dkt. no. 25. That meant that the plaintiff's motion was fully briefed as of February 23, 2015.

    On April 10, 2015 (before the court had ruled on the plaintiff's motion for summary judgment), the defendant filed a motion for summary judgment. Dkt. No. 30. The plaintiff filed his opposition brief, dkt. no. 36, and the defendant

1

filed his reply, dkt. no. 45. The defendant's motion for summary judgment was fully briefed as of June 25, 2015.

On August 27, 2015, while the two motions for summary judgment were under consideration, the plaintiff filed a notice that he had been able to retain a medical expert. Dkt. No. 47. He asked the court to stay proceedings so that he could disclose the expert and the expert's report. Id. In light of this, the court denied without prejudice both the plaintiff's motion for summary judgment and the defendant's motion for summary judgment, and set deadlines for the parties to make expert witnesses disclosures. Dkt. No. 49. The court told the parties that once they'd made those disclosures, they either could elect to stand on their original summary judgment motions, or could file new ones, by January 15, 2016. Dkt. No. 49. On January 14, 2016, the plaintiff notified the court that he wanted to stand on his original summary judgment motion. Dkt. No. 54.

On January 15, 2016, the defendant filed a new motion for summary judgment. Dkt. No. 59. The plaintiff asked for additional time to file his opposition brief, dkt. no. 72, and the court granted that request, extending the plaintiff's response deadline to March 18, 2016, dkt. no. 74. The court did not receive the plaintiff's response by the March 18, 2016 deadline.

On March 23, 2016, the court received a reply brief from the defendant—despite the fact that the court had not received an opposition brief from the plaintiff. Dkt. No. 82. In the reply brief, the defendant argued that the plaintiff had not filed his opposition brief by the March 18 deadline the court had set,

and the defendant asked the court to award summary judgment in favor of the defendant. That same day, the court received the plaintiff's opposition brief. Dkt. No. 83. The plaintiff also filed a statement of "stipulated material facts" and a statement of proposed facts, dkt. nos. 87, 88, despite the fact that he had not filed a new motion for summary judgment (he elected to stand on his original motion), and despite the fact that he had filed proposed findings of fact at the time he'd filed the original motion, dkt. nos. 13, 14.

On March 24, 2016, the defendant asked for an extension of time to file his reply brief—even though the court had received a reply brief on March 23. Dkt. No. 91. Several days later, the defendant filed a letter, asking to withdraw the March 23, 2016 reply brief in which he'd argued that the plaintiff hadn't timely filed a respond. Dkt. No. 96. The defendant asked the court to grant him additional time to file a substantive reply to the plaintiff's opposition brief. <u>Id.</u> About a week later, the plaintiff filed a motion for leave to "supplement" his original motion for summary judgment. Dkt. No. 92. Each party opposed the other party's request.

On April 1, 2016, the court issued an order dealing with several pending motions. Dkt. No. 98. Among other things, the court allowed the defendant to withdraw his March 23, 2016 reply brief (the one in which he'd argued that because the plaintiff hadn't filed an opposition brief, the court should award summary judgment to the defendant). <u>Id.</u> at 11. The court denied the plaintiff's request to "supplement" his 2015 motion for summary judgment. <u>Id.</u> The court gave the plaintiff a deadline of May 13, 2016 by which to respond to the

3

defendant's discovery demands, and indicated that it would schedule a status conference for after the discovery deadline to talk about next steps. Id. at 11-12.

The court conducted that status conference on June 10, 2016. Dkt. No. 107. During that conference, counsel for the defendant told the court that now that the defendant had information about the plaintiff's expert, the defendant would need to depose that expert. Id. at 1. The court and the parties discussed at some length the logistics of conducting such a deposition, and the court ended up agreeing to appoint counsel to represent the plaintiff for the limited purpose of assisting him in defending his expert's deposition. Id. Counsel for the defendant expressed concern about the appointment of counsel; she noted that the defendant's motion for summary judgment was fully briefed except for the defendant's reply brief, and she worried that an appointed lawyer might seek to start the summary judgment process from scratch. Id. at 2. The court made clear that it was appointing counsel for the sole, and limited, purpose of assisting the plaintiff to defend his expert's deposition, not to re-brief summary judgment. The court instructed counsel for the defendant to notify the court once the parties had completed the deposition of the plaintiff's expert witness. At that time, the court said, it would "schedule deadlines for the plaintiff to supplement his motion for summary judgment (if he chooses to do so), and for the defendant to file a reply to the plaintiff's response to the defendant's motion for summary judgment. Id.

Much water has passed under the bridge in the year that has followed. The plaintiff attempted to re-start the discovery process, and filed numerous discovery demands and motions, to which the defendant objected. The court has ruled on all of those requests. On February 17, 2017, even though the court had not yet received notice that the parties had completed the expert's deposition, and even though the court had not set a deadline for the plaintiff to supplement his motion for summary judgment, the plaintiff filed a document entitled "Plaintiff's Supplemental Memorandum of Law In Support of Plaintiff's Motion for Summary Judgment." Dkt. No. 145. He also filed yet a third set of "stipulated material facts" and proposed findings of fact. Dkt. Nos. 146, 147.

The defendant appears to have construed this filing as a "renewed" motion for summary judgment (even though the plaintiff filed it before the parties completed the expert's deposition, and even though the court had not set a deadline for the plaintiff to file such a motion), and asked the court to give him additional time to respond. Dkt. No. 150. The plaintiff objected, arguing that the defendant did not timely seek to depose his expert. Dkt. No. 152. (In that objection, the plaintiff indicated that he'd filed his renewed motion for summary judgment in February 2017 "pursuant to the Court's orders and directives." Id. at 2. It is not clear to which orders and directives the plaintiff refers.) The defendant replied that he had promptly scheduled the expert's deposition—within ninety days of the date that the plaintiff's appointed counsel came on board. Dkt. No. 153 at 1-2. The defendant asked the court to give him a deadline of thirty days from the date the expert's deposition was completed to

respond to the plaintiff's renewed motion for summary judgment. Id. at 2. The court granted the defendant's motion, and *again* indicated that it would issue a briefing schedule after it received notice that the parties had completed the expert's deposition and the court reporter had finalized the transcript. Dkt. No. 155.

On June 13, 2017, the court received a notice from the defendants that the parties had completed the deposition of the expert, and that the transcript was final. Dkt. No. 156. So—it is time for the parties to conclude their summary judgment briefing. The defendant's motion for summary judgment is fully briefed except for the defendant's reply brief. The plaintiff has filed a renewed (or supplemental) motion for summary judgment; the defendant needs to file a brief in opposition to that motion, after which the plaintiff may file a reply.

The court notes that the plaintiff told the court on January 14, 2016 that he wished to stand on his original motion for summary judgment. Dkt. No. 54. He has filed the original motion for summary judgment and a supplement (dkt. nos. 11 and 145), three sets of "stipulated material" facts (dkt. nos. 13, 88 and 146), and three sets of proposed findings of fact (dkt. nos. 14, 87 and 147). In the supplemental motion for summary judgment, the plaintiff reiterated that he stands on his original motion for summary judgment and supporting documents. Dkt. No. 145 at 2. He indicates that he "is allowed" to supplement that original motion with the supplemental memorandum of law he filed in February 2017 (what the defense characterizes as his "renewed" motion for

6

summary judgment), as well as the new sets of exhibits and proposed findings of fact he filed in February 2017. Id. In a footnote, he says that the statement of "stipulated material" facts and statement of proposed findings of fact that he filed in February 2017 "replace all previous versions." Id. at 2, n.1. Given that, the court will require the defendant to respond to only four (4) of the many documents the plaintiff has filed: his original motion for summary judgment and any attached exhibits (dkt. no. 11); the supplemental (or renewed) motion for summary judgment (dkt. no. 145); the February 17, 2017 statement of "stipulated material facts" (dkt. no. 146), and the February 17, 2017 statement of proposed material facts (dkt. no. 147). The court will not require the defendant to comb through all three sets of "stipulated material facts" and statements of proposed material facts, or to compare and contrast those documents.

The court also advises the parties that once they have filed the pleadings the court describes below, summary judgment briefing will be closed. The court will not accept any further summary judgment motions, briefs, exhibits or related documents. At that point, the court will take the motions under advisement, in preparation for issuing its decision. The court cannot predict how long it will take to issue that decision, but there will be no need for either party to file anything further once the court takes the summary judgment pleadings under advisement.

The court **ORDERS** the following:

*Defendant's January 15, 2017 Motion for Summary Judgment (Dkt. No. 59)*

7

The defendant shall file his reply brief to the plaintiff's opposition brief to the defendant's motion for summary judgment (Dkt. No. 83) by the end of the day on **Friday, July 7, 2017**. The court **ORDERS** that the defendant's reply brief shall be the final pleading relating to the defendant's January 15, 2017 motion for summary judgment (dkt. no. 59). The court **ORDERS** that the plaintiff shall not file any response, opposition or other pleading in response to the defendant's reply brief.

> *Plaintiff's February 17, 2017 Supplemental Memorandum of Law In Support of Plaintiff's Motion for Summary Judgment (Dkt. No. 145), Plaintiff's Statement of Stipulated Material Facts (Dkt. No. 146), and Plaintiff's Statement of Proposed Material Facts (Dkt. No. 147)*

The court **ORDERS** that the defendant shall file his opposition brief to the plaintiff's original (dkt. no. 11) and supplemental (dkt. no. 145) motions for summary judgment, response to the plaintiff's statement of stipulated material facts (dkt. no. 146),[1] and response to plaintiff's statement of proposed material facts (dkt. no. 147) by the end of the day on **Friday, July 21, 2017**.

The court **ORDERS** that if the plaintiff wishes to file a reply brief, he shall do so in time for the court to receive it by the end of the day on **Friday, August 11, 2017**.

---

[1] The plaintiff has filed three sets of what he refers to as "stipulated" material facts. Dkt. Nos. 13, 88 and 146. The court does not know what the plaintiff means by "stipulated" facts. A "stipulation" is an agreement between the parties. Normally, the court would assume that "stipulated" facts are facts that both sides have agreed are true; a set of "stipulated" facts would be signed by both parties. The defendant's counsel did not sign any of the three sets of "stipulated" facts, and thus the court assumes that the defendant may wish to respond to the most recent set of those facts, despite the plaintiff labeling them as "stipulated."

The court **ORDERS** that, unless any party files a motion for an extension of time to file any of the above pleadings, summary judgment briefing will be **CLOSED** as of the end of the day on Friday, August 11, 2017.

Dated in Milwaukee, Wisconsin this 20th day of June, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**